A. J. MANNEN, *as Sheriff of Wilson County*, v. AMOS STEBBINS.

1. TRIAL— *Submission of Special Questions.* The district court may, of its own motion, submit special questions of fact to the jury in a case at law as well as in equity.
2. INSTRUCTIONS, *Properly Refused.* Certain instructions examined, and *held*, properly refused.

MEMORANDUM.— Error from Wilson district court; L. STILLWELL, judge. Replevin by Amos Stebbins against A. J. Mannen, as sheriff of Wilson county. Judgment for plaintiff. Defendant brings the case here. Affirmed. The facts are stated in the opinion, filed July 16, 1895.

*S. S. Kirkpatrick*, for plaintiff in error.

*C. S. Reed*, for defendant in error.

The opinion of the court was delivered by

COLE, J. : In 1889, and for some time prior thereto, J. W. Rowe was engaged in the mercantile business at Coyville, Wilson county, Kansas. While so engaged he borrowed of Amos Stebbins $800: Stebbins also became security for Rowe to a further amount of $400. Rowe was also indebted to certain wholesale merchants for goods purchased, among the firms being Barton Bros. and Smith, Heddens & Co. About April 1, 1889, Rowe sold his stock of goods to Stebbins, the consideration being the cancellation and return of the notes given by Rowe to Stebbins for the money borrowed, the payment by Stebbins of the amounts for which he was security, and some $250 in cash. After the transfer of the goods to Stebbins, but before the payment of the cash balance,

Barton Bros. and Smith, Heddens & Co. attached the goods on the ground of fraud, and Stebbins brought this action in replevin in the district court of Wilson county against Mannen, the officer who made the levy. The jury rendered a general verdict in favor of the plaintiff below, and also answered certain special questions of fact submitted by the court upon its own motion, and over the objection of defendant below. From a judgment upon said verdict the sheriff brings the case here.

The plaintiff in error complains, first, because the court, of its own motion and over his objection, submitted certain special questions of fact to the jury; and counsel argues in his brief that there is no authority for the court to do so excepting in an equity case. We think the position not well taken. In Thompson on Trials, § 2673, the rule is thus laid down: "But the court does not require a request to be made by either party to put it into motion, for it may, of its own motion, submit interrogatories to the jury, which will have the same effect as if requested." And in *Warden v. Reser*, 38 Kas. 86, it was held that the court did not commit error in refusing to submit certain special questions requested by one of the parties to the action, where the court, of its own motion, submitted special questions in similar language and of like scope and bearing. While it is generally held, under a statute like our own, that a refusal by the trial court to submit proper special questions upon the request of either party is material error, we think the rule is just as general that; in the absence of such request, the court may, of its own motion, require the jury to find specifically upon the material facts in controversy.

Plaintiff in error further complains of the refusal of

the court to give certain special instructions requested by him.   The first two were as follows :

" 1.  The jury are instructed that if they find from the evidence that Stebbins, before he had fully paid for the goods in question, was informed of the demands of Smith, Heddens & Co. and Barton Bros., that any payment made thereafter would be fraudulent as to such creditors.

" 2.  If you further find that before Stebbins paid for the goods, and while he was still owing Rowe a part of the purchase-price, he was informed of the attachments offered in evidence before he paid said sum to Rowe, the transaction was fraudulent as to such payment, and the plaintiff cannot recover in this action."

We can see no error in the refusal of the court to give these instructions.   The propositions laid down in them are these :  That if one purchase property, and, before paying in full for the same, is informed that the person from whom he has purchased has creditors, or if he is informed that attachments have been placed upon the goods so purchased by creditors of the one from whom he has purchased, and he then pays the balance of the purchase-money, such payment is fraudulent as to such creditors, and this without regard to whether the sale was made with intent to defraud or not.   This is not the law.   The controversy in this case was whether Stebbins took the goods from Rowe as an innocent purchaser or not, and this question the trial court fully and fairly submitted to the jury in its general instructions.

The third instruction requested by plaintiff in error was as follows :

" 3.  If you find from the evidence that Stebbins purchased the goods in good faith, and without any knowledge of any intended fraud on the part of Rowe, but, before paying the purchase-price in full, ascer-

tained and was informed of the fraudulent intent of Rowe, Stebbins can only be protected to the extent of the payments actually made, or obligations actually and in good faith assumed, before receiving notice of the fraudulent intent of Rowe; and any payment made to Rowe after receiving notice of the fraudulent intent of Rowe would be in fraud of the creditors of Rowe, and Stebbins cannot be protected in such payment. Knowledge of the issuance of the attachments against the property of Rowe by his creditors would be sufficient notice to Stebbins, and a payment to Rowe after notice of the issuance of the attachments against the property of Rowe would be fraudulent as to creditors, and Stebbins would not be protected in such payments.''

This instruction, as requested, was properly refused. The mere issuance of an attachment order is no proof of fraud, but merely that some one has alleged fraud. In this case, however, the first question of fact which was submitted to the jury by the court was as follows : '' Did Rowe sell the goods in controversy to Stebbins with the intention on the part of him, said Rowe, to hinder, delay or defraud his creditors? '' This question the jury answered in the negative, and we think there was sufficient evidence to sustain such answer. If there was no fraud in the transaction on the part of Rowe, the attaching creditors and sheriff had no right to the goods.; and the jury, having found this material fact against the theory of plaintiff in error, the failure upon the part of the court to give the instruction requested, even if properly framed, would not have been material or prejudicial error. (*City of Kinsley v. Morse*, 40 Kas. 577.) There being no material error in the record, the judgment of the district court is affirmed.

All the Judges concurring.